UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY REPICH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>HOME FINANCING UNLIMITED, INC. AND LEIGH ANN MCCOY, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § | CA 1:20-cv-1009 |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Plaintiff Wendy Repich ("Plaintiff" or "Repich"), on behalf of herself and all others similarly situated, files this Collective Action Complaint against Defendants Home Financing Unlimited, Inc. and Leigh Ann McCoy, Individually ("Defendants").

### I.     PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants provide full service mortgage banking services throughout Texas under the name Mission Mortgage of Texas, Inc. Defendants employed Repich as a loan processor from July 23, 2019 through September 2020.

1.2     Repich was paid on a salary basis.

1.3     Throughout her employment, Defendants failed to pay Repich overtime premiums for any hours worked over forty per workweek.

1.4     Wendy Repich, on behalf of herself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff and all others similarly situated overtime premiums for any hours worked over forty per workweek.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into a relationship with Repich in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Wendy Repich is an individual residing within this Judicial District.  Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendants**

3.2     Defendant Home Financing Unlimited, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Austin, Texas.

3.3     Defendant Home Financing Unlimited, Inc. was an employer of Repich and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Defendant Home Financing Unlimited, Inc. can be served with process by serving its registered agent for service of process, Leigh Ann McCoy, at 901 South Mopac Expressway, Building V, Suite 120, Austin, Texas 78746.

3.5     Defendant Leigh Ann McCoy, a director and owner of Home Financing Unlimited, Inc., was an employer of Repich and those similarly situated as defined by 29 U.S.C. §203(d).

3.6     Defendant Leigh Ann McCoy can be served with process at 901 South Mopac Expressway, Building V, Suite 120, Austin, Texas 78746.

3.7     At all times hereinafter mentioned, Leigh Ann McCoy was the owner and director of Home Financing Unlimited, Inc.  McCoy has exercised managerial responsibilities and substantial control over Home Financing Unlimited, Inc.'s employees, including Repich, and the terms and conditions of their employment.  McCoy has the authority to: hire, fire and direct Home Financing Unlimited, Inc.'s employees, including Repich; supervise and control the employment relationships and work schedules of Home Financing Unlimited, Inc.'s employees, including Repich; set and determine the rate and method of pay of Home Financing Unlimited, Inc.'s employees, including Repich; and decide whether Repich receives overtime compensation. McCoy also maintains employment records for the employees of Home Financing Unlimited, Inc., including Repich.

### IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2.   At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Repich and the class members.

4.3.   At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.4.   At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).4.6

4.5   At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.6   At all times hereinafter mentioned, Repich was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

4.7   As a loan processor, Repich, as well as other loan processors, handled items such as telephones and computers as well as other equipment that has been moved in or produced for

commerce as defined by 29 U.S.C. §203(b). Use of the above listed items was essential to fulfill the job duties of loan processors, as the job could not be performed without these items.

4.8     At all relevant times, Defendants have each been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide full service mortgage banking services throughout Texas.

5.2     Defendants employed Repich as a loan processor during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Repich and those similarly situated on a salary basis, but did not pay Repich and those similarly situated overtime premiums for any hours worked over forty per workweek.

5.4     Repich and those similarly situated consistently worked over forty hours per week. In fact, Repich would often work 75 hours per week.

5.5     Repich and those similarly situated were non-exempt employees.

5.6     Defendants were aware that Repich and those similarly situated were non-exempt employees, but purposefully refused to pay Repich and those similarly situated overtime premiums.

5.7     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.8     Defendants maintained and exercised the power to hire, fire, and discipline Repich and those similarly situated during their employment with Defendants.

5.9     Repich and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.10    At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Repich and those similarly situated.

5.11    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.12    Defendants' actions were willful and in blatant disregard for the federally protected rights of Repich and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Repich is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2    Repich brings her claim for relief on behalf of all loan processors employed by Defendants who were not paid overtime premiums for any hours worked over forty per workweek at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Defendants paid Repich and the Collective Class on a salary basis and suffered and permitted them to work more than forty hours per week.  However, Defendants did not pay Repich or the Collective Class overtime compensation for any hours worked over forty per workweek.

6.4     Though their job titles may vary, the members of the Collective Class were all subjected to Defendants' failure to pay overtime premiums for any hours worked over forty per workweek.

6.5    Repich's experiences are typical of the experiences of other similarly situated employees.

6.6    Defendants' operations with respect to Repich and the Collective Class and wages paid to Repich and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime premiums to its loan processors results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of Repich and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Repich files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Repich brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Repich brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.  Accordingly, the members of the Collective Class are properly defined as:

> **All current and former salaried loan processors or those employed in substantially similar positions who were not paid overtime premiums for any hours worked over forty per workweek.**

6.10    Repich requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Repich seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Repich's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Repich will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Repich and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Repich and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums.

7.4    Over the course of the relevant period, Repich and all others similarly situated routinely worked in excess of forty hours per week.

7.5    Even though Repich and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them any overtime compensation during any of these weeks.

7.6    Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Repich and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Repich and all others similarly situated.

7.8    No excuse, legal justification or exemption excuses Defendants' failure to pay Repich and all others similarly situated overtime compensation for all hours worked over forty in a workweek.

7.9    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10   Repich and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Wendy Repich and all others similarly situated respectfully pray that Defendants Home Financing Unlimited, Inc. and Leigh Ann McCoy be cited to appear, and that, upon trial of this matter, Repich and the Collective Class recover the following against Home Financing Unlimited, Inc. and Leigh Ann McCoy, jointly and severally:

a.   Actual damages for the full amount of their unpaid overtime compensation;

b.   Liquidated damages in an amount equal to their unpaid overtime compensation;

c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**